Caitlin Boland Aarab
Boland Aarab PLLP
11 5th Street North, Suite 207
Great Falls, MT 59401
(406) 315-3737
cbaarab@bolandaarab.com

*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES EDWARD SNELL, JR., <br><br> Defendant. | Cause No. CR-19-20-GF-BMM <br><br> **BRIEF IN SUPPORT OF DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL AND EXTEND DEADLINES** |

The Defendant, James Edward Snell, Jr., by and through his counsel of record, Caitlin Boland Aarab, respectfully submits this Brief in support of his motion for a trial continuance and deadlines extension. The Defense requests a continuance of at least 90 days for the reasons provided below. The Government does not object to a continuance.

**I.    Introduction**

The Defendant, James Edward Snell, Jr., is charged with two counts of Abusive Sexual Contact, in violation of 18 U.S.C. §§ 1153(a) and 2244(a)(5); seven counts of Sexual Exploitation of a Child, in violation of 18 U.S.C. §§ 2251(a) and 2;

1

and five counts of Aggravated Sexual Abuse, in violation of 18 U.S.C. §§ 1153(a), and 2241(c). He faces potential prison time and/or fines exceeding $2,500. The crimes allegedly occurred in 2015.

Mr. Snell was indicted on April 4, 2019. (Doc. 1.) Mr. Snell initially appeared before United States Magistrate Judge John T. Johnston on April 11, 2019, and he pleaded not guilty. (Doc. 5.) The case is set for trial on Monday, June 10, 2019. On April 15, 2019, Mr. Snell was appointed counsel pursuant to the Criminal Justice Act. (Doc. 10.) On June 5, 2019, this Court granted Defense Counsel's motion to withdraw, necessitating the appointment of new counsel. (Doc. 22.) On June 7, 2019, the Court appointed the undersigned as new counsel. (Doc. 23.)

This is a case that places Mr. Snell at risk of prison time and/or fines. Defense Counsel has been working with the Government to negotiate access to discovery in this case that cannot be released from the Government's custody. The Defendant requires more time to review the discovery, negotiate with the Government about possible resolutions, and prepare for trial in the event negotiations with the Government prove unfruitful.

**II.     Legal Analysis**

The Speedy Trial Act generally requires that a case must be brought to trial within 70 days of a defendant's initial appearance before a judicial officer. 18 U.S.C. § 3161(c)(1). The Act does provide a long list of periods of delay that are to be excluded in computing the time within which a trial must commence. *See generally*, 18 U.S.C. § 3161(h). Although the Speedy Trial Act does not apply to

infractions of the type implicated here, the speedy trial analysis is nonetheless instructive for the Court to assess the propriety of a continuance. 18 U.S.C. § 3161(a), (c)(1); 18 U.S.C. § 3172(2).

The Speedy Trial Act also allows for delay when necessitated by the "ends of justice." Under § 3161(h)(7)(A), a trial court may exclude any period resulting from a continuance beyond the limits of the Speedy Trial Act on a finding that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." A continuance can be granted on this ground on the judge's own motion or at the request of the defendant or his counsel or the attorney for the government. In granting a continuance under this subsection, the court should consider the factors set forth in § 3161(h)(7)(B).

Among the factors that the court is to consider are: whether failure to grant the continuance would be likely to make continuation of the proceedings impossible or cause a miscarriage of justice; and, whether failure to grant the continuance in a case, which taken as a whole, is not so unusual or complex, would deny counsel for the defendant or the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The trial court must set forth "reasonably explicit findings" orally or in writing when excluding time under § 3161(h)(8)(A). *United States v. Perez-Reveles*, 715 F.2d 1348, 1351 (9th Cir. 1983).

Here, failure to grant this continuance would likely cause a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Defense counsel and the Government are currently negotiating access to electronic discovery that cannot leave the

Government's control. Only after the completion of this review will the defense be able to conclude what the best resolution of this case would be. Without the opportunity to conduct additional investigation and advance any appropriate legal arguments, it is highly doubtful that the Defendant will be able to sufficiently confront the evidence against him and make any appropriate pretrial motions. Such a failure would result in a miscarriage of justice and the denial of a fair trial.

### III. Conclusion

As a consequence of the issues discussed above, additional time is required to allow the Defendant time to properly consider his options moving forward with his case and allow Counsel to file any appropriate pretrial motions and/or prepare for trial.

Accordingly, the Defendant respectfully requests that the Court vacate the scheduled trial date; vacate all related pretrial deadlines; enter a finding that the ends of justice served by taking the action outweigh the best interest of the public and the defendant in a speedy trial; re-set the trial date for at least **90 days** from its current setting of June 10, 2019; and adjust all related pretrial deadlines accordingly.

Respectfully submitted this 7th day of June, 2019.

/s/ *Caitlin Boland Aarab*
Caitlin Boland Aarab
BOLAND AARAB PLLP
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7th, 2019, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| __1,2,__ | CM-ECF |
| _____ | Hand Delivery |
| __3__ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

2. RYAN WELDON
   Assistant United States Attorney
   United States Attorney's Office
   P.O. Box 3447
   119 1st Ave. N., #300
   Great Falls, MT 59401
   Counsel for the United States of America

3. JAMES EDWARD SNELL, JR.
   Defendant


/s/     *Caitlin Boland Aarab*
Caitlin Boland Aarab
BOLAND AARAB PLLP
Attorney for Defendant