

**FILED**

**JUL 0 2 2019**

Clerk, U.S. District Court
District Of Montana
Great Falls

**RYAN G. WELDON**
**JARED C. COBELL**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, MT 59403**
**119 First Ave. North, Suite 300**
**Great Falls, MT 59403**
**Phone: (406) 761-7715**
**FAX: (406) 453-9973**
**Email:      Ryan.Weldon@usdoj.gov**
**              Jared.Cobell@usdoj.gov**

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 19-20-GF-BMM** |
| **Plaintiff,** | **PLEA AGREEMENT** |
| **vs.** | |
| **JAMES EDWARD SNELL, JR.,** | |
| **Defendant.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, represented by Ryan G. Weldon and Jared C. Cobell, Assistant

United States Attorneys for the District of Montana, and the defendant, James

AUSA    DEF    ATTY    7-1-19

Page 1

Edward Snell, Jr., and the defendant's attorney, Caitlin Boland Aarab, have agreed upon the following:

**1.     Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

**2.     Charges:** The defendant agrees to plead guilty to count V of the indictment, which charges Aggravated Sexual Abuse, in violation of 18 U.S.C. §§ 1153(a) and 2241(c). Count V carries a mandatory minimum 30 years to life imprisonment, a $250,000 fine, at least five years to lifetime supervised release, and a $100 special assessment.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss counts I-IV and VI-XIV of the indictment.

**3.     Nature of the Agreement:** The parties agree that this plea agreement will be governed by:

- Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, counts I-IV and VI-XIV of the indictment; and b) makes the recommendations provided below. The defendant understands that if the agreement is

accepted by the Court, and counts I-IV and VI-XIV of the indictment are
dismissed, there will not be an automatic right to withdraw the plea, even if
the Court does not accept or follow the recommendations made by the
United States.

**4.      Admission of Guilt:** The defendant will plead guilty because the
defendant is guilty of the charge contained in count V of the indictment.  In
pleading guilty, the defendant acknowledges that:

**First**, the defendant is an Indian person;

**Second**, the crime occurred on the Fort Belknap Indian Reservation;

**Third**, the defendant knowingly engaged in a sexual act with "Jane Doe";
and,

**Fourth**, at the time, "Jane Doe" was under the age of twelve years.

**5.      Waiver of Rights by Plea:**

(a)      The government has a right to use against the defendant, in a
prosecution for perjury or false statement, any statement given under oath during
the plea colloquy.

(b)      The defendant has the right to plead not guilty or to persist in a
plea of not guilty.

(c)      The defendant has the right to a jury trial unless, by written
waiver, the defendant consents to a non-jury trial. The United States must also
consent and the Court must approve a non-jury trial.

AUSA      DEF      ATTY      7-1-19
                                                    Date                              Page 3

(d)     The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant

would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify.  Or the defendant could exercise the choice to testify.

(i)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k)     If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph.

The defendant's attorney has explained those rights and the consequences of waiving those rights.

**6.     Recommendations:**  The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility.  The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.  The parties reserve the right to make any other arguments at the time of sentencing.  The defendant understands that the Court is not bound by this recommendation.

**7.     Sentencing Guidelines:**  Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

**8.     Waiver of Appeal of the Sentence – General:**  The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case.  18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release.  This waiver includes

AUSA     DEF     ATTY     Date     7-1-19

challenges to the constitutionality of any statute of conviction and arguments that
the admitted conduct does not fall within any statute of conviction. This waiver
does not prohibit the right to pursue a collateral challenge alleging ineffective
assistance of counsel.

**9.     Disclosure of Financial Information:** The defendant authorizes the
U.S. Probation Office to release to the Financial Litigation Unit of the U.S.
Attorney's Office all documents and financial information provided by the
defendant to the U.S. Probation Office and any information obtained by the U.S.
Probation Office about the defendant through its investigation. The defendant
further agrees to fully complete a financial statement in the form prescribed by the
U.S. Attorney's Office, provide financial documents as requested, and submit to a
debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to
evaluate the defendant's ability to satisfy any financial obligation imposed by the
Court. The defendant consents to being immediately placed on the Treasury Offset
Program to help meet the defendant's obligation to pay restitution and/or a fine.

**10.    Sexual Offender Requirements and Agreement to Comply:** Prior
to sentencing, the defendant agrees to obtain a sexual offender evaluation from a
provider acceptable to the U.S. Probation Office, which will include behavioral
testing and a polygraph examination to determine the accuracy of the information
given to evaluators. In exchange for the concessions made by the government, the

defendant agrees to bear all costs of the evaluation and the behavioral and polygraph testing required by this agreement. The defendant agrees that the entire evaluation and all testing will be released to the Court, the United States Attorney's Office, and the United States Probation Office.

11. **Megan's Law/Adam Walsh Act Notice:** The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that registrations must be updated no later than three business days after any change of name, residence, employment, or student status. The defendant understands and acknowledges that, prior to any travel, information must be provided relating to intended travel outside of the United States. 42 U.S.C. § 16914. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**12.    Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

**13.    Forfeiture:** The defendant agrees to disclaim any interest in the following property: (1) Samsung model SM-T310 Galaxy Tablet – SN RF2DB2EA3AD; (2) SanDisk 4 GB micro SD card; (3) Samsung 16 GB micro SD card (installed); (4) Samsung 16 GB micro SD card; (5) SanDisk 32 GB micro SD card; and, (5) LG cellular telephone IMEI – SN 358402087062937.

**14.    Detention/Release After Plea:** Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that the defendant will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the Court finds, by clear and convincing evidence, that the defendant is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the defendant may be released upon conditions.

**15.    Breach:** If the defendant breaches this plea agreement, at any time, in any way, including but not limited to appealing or collaterally attacking the

AUSA     DEF     ATTY     Date     7-1-19

conviction or sentence, the United States may prosecute the defendant for any counts dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by the defendant pursuant to this plea agreement in any such prosecution.

16. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

//

//

//

//

//

//

//

//

//

KURT G. ALME
United States Attorney

(for) RYAN G. WELDON
Assistant U. S. Attorney
Date: 7/2/2019

JAMES EDWARD SNELL, JR.
Defendant
Date: July 1 2019

CAITLIN BOLAND AARAB
Defense Counsel
Date: 7-1-19

AUSA    DEF    ATTY    7-1-19
                       Date