**RYAN G. WELDON**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT  59802
Phone:  (406) 542-8851
FAX:  (406) 542-1476
E-mail:  Ryan.Weldon@usdoj.gov


**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**JAMES EDWARD SNELL, JR.,**<br><br>Defendant. | **CR 19-20-GF-BMM**<br><br><br><br>**SENTENCING MEMORANDUM** |

1

## INTRODUCTION

James Edward Snell, Jr., pleaded guilty to count V of the indictment, which charges Aggravated Sexual Abuse of a Child. No party has any objections to the PSR, and the United States has no witnesses for sentencing.

## ARGUMENT

**Sentencing Analysis:**

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;

- promote respect for the law;

- provide just punishment for the offense;

- afford adequate deterrence to criminal conduct;

- protect the public from further crimes of the defendant; and,

- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition, subsection (1) of § 3553(a) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; subsection (3) requires the Court to consider the kinds of sentences

available; subsections (4), (5), and (6) require the Court to consider the sentencing guidelines and policy statements, and to avoid unwarranted sentencing disparity; and subsection (7) requires the Court to provide restitution to victims.

**Recommendation:**

The investigation uncovered photographs that were heartbreaking. Snell had a little girl, who was between two and four-and-a-half years old, performing oral sex on him. PSR ¶ 21. The defendant's wife, Geneva Nadeau, inserted a dark-colored dildo in the anus of the same victim. PSR ¶ 21. The court previously sentenced Nadeau to 264 months of imprisonment, with 15 years of supervised release to follow.

Snell underwent a polygraph examination, and it showed that he was deceptive in his answers about sexual activity with the victim. PSR ¶ 29. When sentencing Snell, community safety is critical. Snell is unwilling to fully acknowledge his sexual misconduct, which makes him extremely dangerous. It likewise treads dangerously close to failing to accept responsibility. *See, e.g.,* USSG §3E1.1. Either way, Snell should be incapacitated to ensure the rest of the community does not suffer from his actions. He should then be placed on supervision for 15 years, which is the same amount of time as Nadeau.

The United States will file any further sentencing recommendation in future pleadings with the Court.

DATED this 15th day of October, 2019.

        KURT G. ALME
        United States Attorney


*/s/ Ryan G. Weldon*
RYAN G. WELDON
Assistant U.S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule, this certifies that the body of the attached memorandum contains 463 words, excluding the caption and certificate of compliance.

                            KURT G. ALME
                            United States Attorney

                            */s/ Ryan G. Weldon*
                            RYAN G. WELDON
                            Assistant U.S. Attorney